The relief described hereinbelow is SO ORDERED.

Signed August 05, 2015.

Ronald B. King
Chief United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 15-70104** |
| **AMERICAN STANDARD ENERGY,** | § | **CASE NO. 15-70105** |
| **CORP., *et al.*,** | § | |
| | § | **Chapter 11** |
| **Jointly Administered Debtors.** | § | |
| | § | **(JOINTLY ADMINISTERED UNDER** |
| | § | **CASE NUMBER 15-70104)** |
| | § | |

**ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

On August __, 2015, the Court conducted a hearing to consider the *Debtors' Emergency Motion for an Order Under 11 U.S.C. §§ 105(a) and 366 (i) Prohibiting Utility Companies From Altering or Discontinuing Service on Account of Prepetition Invoices, (ii) Approving Deposit Account as Adequate Assurance of Payment, and (iii) Establishing Procedures for Resolving Requests by Utility Companies for Additional Adequate Assurance of Payment* (the "Motion"),

filed by the above-captioned debtors (the "Debtors"). The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is **GRANTED.**

Except in accordance with the procedures set forth below, absent further order of the Court, each Utility Company[1] is prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of the chapter 11 cases or on account of any unpaid invoice for services provided before the Petition Date and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, other than the establishment of the Utility Deposit Account.

The Debtors are authorized and directed to establish the Utility Deposit Account and shall deposit $2,300 into the Utility Deposit Account for the purpose of providing each Utility Company adequate assurance of payment for postpetition Utility Services provided to the Debtors. The Debtor shall maintain the Utility Deposit Account with a minimum balance equal to 100% of the Debtors' estimated monthly cost of Utility Services, which the Debtors may adjust to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with any Utility Company.

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

To the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company shall file a Delinquency Notice with the Court and serve such Delinquency Notice on (a) the Debtors, (b) counsel to the Debtors, (c) counsel to the official committee of unsecured creditors, if one is appointed, and (d) the United States Trustee for the Western District of Texas (each, a "Party in Interest"). If the Debtors have not cured such delinquency or no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtors shall (i) remit to such Utility Company from the Utility Deposit Account the lesser of (a) the amount allocated in the Utility Deposit Account for such Utility Company and (b) the amount of postpetition charges claimed as delinquent in the Delinquency Notice and (ii) replenish the Utility Deposit Account for the amount remitted to such Utility Company.

If a Utility Company is not satisfied with the assurance of payment provided under this Order, the Utility Company must serve a written request (a "Request") for additional assurance of payment on the Debtors no later than forty-five (45) days after the entry of this order (the "Request Deadline") to Debtors' counsel, Loeb & Loeb LLP, 10100 Santa Monica Blvd, Suite 2200, Los Angeles, California 90067, Attn: Bernard R. Given, II. The Request must set forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, and a summary of the Debtors' payment history on each account.

Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Request, if the Debtors in their discretion determine that the Request is reasonable.

If the Debtors believe that a Request is unreasonable, within thirty (30) days after the Request Deadline, the Debtors shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit Account, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment.

Unless the Debtors expressly consent to the contrary, (a) no Utility Company shall alter, refuse, or discontinue services to the Debtors nor recover or setoff against a pre-Petition Date deposit until a date which is thirty-one (31) days after the Request Deadline or the making of a Request by such Utility Company (whichever is later); and (b) no Utility Company that is subject to a Determination Motion shall alter, refuse, or discontinue services to the Debtors nor recover or setoff against a pre-Petition Date deposit until a final determination on the Determination Motion.

Any Utility Company that fails to make a timely Request is deemed satisfied that the Utility Deposit Account supplies adequate assurance of payment and waives any right to make a Request for additional assurance of payment. Any such Utility Company shall not alter, refuse, or discontinue services to the Debtors nor recover or setoff against a pre-Petition Date deposit at any time, except with the express consent of the Debtors.

The Debtors shall serve this Order upon each of the Utility Companies listed on Exhibit A attached hereto, at the addresses listed thereon (or otherwise available in the Debtors' records), by first-class mail, postage prepaid, within five (5) business days after the entry of this Order.

The Debtors may, in their sole discretion, amend Exhibit A to add or delete any Utility Company. Any subsequently identified Utility Company set forth on a supplemental Exhibit A ("Added Utility Company") will fall within the scope of this Order as if a "Utility Company"

from the date of the filing of the amended Exhibit A, and the Debtors shall serve a copy of the Motion and this Order on an Added Utility Company within five (5) business days after the amended Exhibit A is filed with the Court that includes such Added Utility Company. An Added Utility Company shall have thirty (30) days from the date of such service to make a Request and the Debtors shall have thirty (30) days after receipt of such Request to file a Determination Motion objecting to such Request. Such Request must otherwise comply with the requirements of this Order.

The inclusion or exclusion of any entity on or from Exhibit A or on or from any amended Exhibit A shall not constitute an admission that such entity is or is not a “utility” within the meaning of section 366 of the Bankruptcy Code. This Order specifically reserves the Debtors’ right to argue that (a) any of the entities listed on Exhibit A or any amended Exhibit A is not a “utility” within the meaning of section 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the Debtors’ filing of the chapter 11 cases.

Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by sections 362 and 365 of the Bankruptcy Code or other applicable law and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code. Nothing in this Order shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

The Debtors are authorized to pay on a timely basis in accordance with their prepetition practices all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Companies to the Debtors.

To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.

Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

###

# Exhibit A

| **Utilities** | **Average Monthly Use** |
|---|---|
| AVATAR SYSTEMS, INC. | $1,155 |
| CENTURY LINK | $55 |
| LEVEL(3) COMMUNICATIONS | $483 |
| VOXOX | $169 |